# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey D. Moretti, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 567 C.D. 2022 |
| | : | SUBMITTED: March 10, 2023 |
| County of Bucks (Workers' | : | |
| Compensation Appeal Board), | : | |
| Respondent | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  May 24, 2023**

Jeffrey D. Moretti (Claimant) petitions for review from the order of the Workers' Compensation Appeal Board affirming the order of the Workers' Compensation Judge (WCJ) that granted in part and denied in part Claimant's review petition, denied Claimant's reinstatement and penalty petitions, and granted the petition for termination filed by County of Bucks (Employer).  We affirm.

Given the limited nature of the instant petition, we need not reiterate the extensive procedural and factual history of this matter.  The pertinent facts as found by the WCJ are as follows.  Claimant worked as a prison guard for Employer for 20 years.  On January 19, 2018, while on duty, Claimant slipped on ice and fell to the ground, suffering an injury.  Employer subsequently issued a notice of temporary compensation payable (NTCP) defining the injury as a soft tissue strain or tear, without identifying the specific part of the body injured.

Claimant ultimately returned to his pre-injury position as a prison guard, with some restrictions. Thereafter, on March 15, 2018, Employer issued a medical-only notice of compensation payable (NCP), which again listed the injury as a soft tissue strain or tear, and Claimant stopped receiving indemnity benefits. The medical-only NCP was issued within 90 days of the NTCP, as required by Section 121.7a of the Bureau of Workers' Compensation's regulations, 34 Pa. Code § 121.7a. *See also* Section 406.1(d) of the Workers' Compensation Act (Act).[1] Notably, the medical-only NCP did not specify that it was an amended form, and Employer admittedly did not file either a notice of denial or notice stopping temporary compensation.

On June 14, 2018, while leaving the prison property at the end of his workday, Claimant was involved in a physical altercation with a uniformed, on-duty police officer. Criminal charges were filed against Claimant as a result of this incident, to which he entered a plea of *nolo contendere*. Employer terminated Claimant's employment due to the egregious nature of the incident and the criminal charges.

In early 2020, Claimant filed a penalty petition and a review petition alleging that Employer violated the Act by failing to pay medical bills and asserting that the description of his injury should be amended to include "lumbar radiculopathy, cervical, sacroiliitis, left elbow, right shoulder, right knee, concussion with aggravation of prior traumatic brain injury." (Certified Record "C.R." Item No. 5.) Claimant also filed a petition to reinstate compensation benefits asserting that his "total disability recurred due to [his] employment being terminated and a worsening of his work[-]related condition." (C.R. Item No. 8.) It bears noting that

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1(d).

2

Claimant underwent knee surgery on January 22, 2019, and cervical surgery on June 25, 2020, both of which he asserts were related to his accepted 2018 work injury.

Employer filed answers denying the material allegations of Claimant's petitions. Employer explicitly denied that Claimant's surgeries were related to his work injury, and asserted that his loss of earnings was due to his employment being terminated for a violation of a work rule and/or for cause. In addition, Employer filed a petition for termination alleging that Claimant had fully recovered from his work injury based upon the May 2020 independent medical examinations (IMEs) of Dr. I. Howard Levin and Dr. Kevin Anbari.[2]

The petitions were consolidated for review and, after multiple hearings at which both parties presented evidence,[3] the WCJ granted in part and denied in part Claimant's review petition. Specifically, the WCJ determined that in addition to a

---

[2] Dr. Levin's IME and expert opinions pertained to Claimant's neck and low back injury. Dr. Anbari's IME and expert opinions pertained to Claimant's shoulder injury.

[3] Claimant testified both live and via deposition. He also presented the deposition and neuropsychological evaluation report of Dr. Nirav Shah, board certified in neurosurgery, as well as a use of force review and a portion of the personnel file of Officer Timothy Reihl, the police officer with whom Claimant had a physical altercation on June 14, 2018.

Employer presented the testimony of Officer Reihl; the deposition of Amy Fiero, a human resources employee; the deposition of Ronald Feliciano, a retired sergeant who prepared the workers' compensation injury report for Claimant's 2018 work injury; the deposition of Gregory Landis, captain of security for the prison; the deposition of Dr. Levin, board certified in neurology; and the deposition of Dr. Anbari, board certified in orthopedic surgery.

The WCJ found credible the testimony of Drs. Levin and Anbari, and rejected the contrary testimony of Dr. Shah. The WCJ provided multiple reasons for his credibility determinations, including the consistency of the evidence and testimony provided by Employer and the "dearth of positive objective clinical findings" to support Claimant's assertions. (C.R. Item No. 16 at 23.) Notably, Employer also presented multiple video clips of the events of June 14, 2018, including Officer Reihl's bodycam footage, dashcam footage, and cell phone video, which contradict Claimant's assertions regarding the extent of his work injury. The WCJ summarized these videos by stating "[a]t no time does Claimant seem visibly impaired. To the contrary, he appears quite strong and agile. His movements are quite fluid." (*Id.* at 13.)

lumbar and cervical strain and sprain, Claimant met his burden of establishing that his work injury included a shoulder contusion. Claimant failed to demonstrate, however, that his work injury included cervical or lumbar disc pathology, or an injury to his head, elbow, or right knee. Because of this, the WCJ found that Claimant's knee and cervical surgery were not causally related to his work injury. The WCJ further held that there was no evidence Employer failed to pay Claimant's medical bills in accordance with the Act and, therefore, denied the penalty petition.

As for the reinstatement petition, the WCJ determined that Claimant's loss of earnings was not related to his work injury or a worsening thereof, but was due to the termination of his employment for bad faith conduct; therefore, no additional wage loss benefits were due and owing. Finally, the WCJ found that Employer sustained its burden with respect to the petition for termination and granted the petition as of May 5, 2020, for Claimant's neck and low back injury, and as of May 18, 2020, for his shoulder injury.

Of particular importance herein, the WCJ rejected Claimant's argument that the NTCP was not properly revoked, and, as such, there was an open obligation to pay indemnity benefits. The WCJ cited this Court's decision in *Raymour & Flanigan v. Workers' Compensation Appeal Board (Obeid)*, 264 A.3d 817 (Pa. Cmwlth. 2021), *petition for allowance of appeal denied*, (Pa., No. 388 EAL 2021, filed June 27, 2022), for the proposition that an NTCP can be revoked by a medical-only NCP without an employer having to file a notice of denial or a notice stopping temporary compensation. (C.R. Item No. 16 at 4 n.1.)

Claimant appealed to the Board arguing that the WCJ erred in finding that the NTCP was properly amended with the issuance of a medical-only NCP because the latter document was not labeled as "amended." Because of this,

4

Claimant argued that his indemnity benefits should be reinstated from June 14, 2018, the date his employment was terminated, through August 23, 2021, the date the WCJ granted Employer's termination petition. The Board rejected this argument and affirmed the decision of the WCJ, citing this Court's opinion in *Raymour & Flanigan*. Claimant then filed the instant petition for review.

The only issue Claimant now raises is whether the WCJ erred in finding that the NTCP was properly amended by the issuance of a medical-only NCP because the latter form was not labeled "amended" as required by Section 121.7a(c) of the Bureau's regulations, 34 Pa. Code § 121.7a(c).[4] Claimant maintains that because the NTCP was not properly amended or stopped, it converted to an NCP by operation of law and was open and operative from the time of Claimant's work injury to when the WCJ granted the termination petition. We disagree.

Claimant's argument lacks merit because the regulation he cites does not apply in these circumstances. As the title of Section 121.7a of the Bureau's regulations indicates, it applies to NTCPs and the need to identify an amended NTCP as such. Here, however, Employer did not issue a second or amended NTCP, but rather a medical-only NCP. Section 121.7a does not address NCPs, and the Bureau's regulations and the provisions of the Act that *do* address NCPs do not contemplate

---

[4] That provision of the regulations, titled "Notice of temporary compensation payable," provides:

> (c) To modify [an NTCP], Form LIBC-501, an employer shall file an amended [NTCP], Form LIBC-501, with the Bureau during the 90-day temporary compensation payable period. The amended [NTCP], Form LIBC-501, shall be clearly identified as "Amended" and may have only the insurer's signature.

34 Pa. Code § 121.7a(c). In contrast, Section 121.7 of the Bureau's regulations pertains to NCPs, with subsection (e) specifically addressing medical-only NCPs.

5

labeling such a document as "amended." Rather, the medical-only NCP issued by Employer properly informed Claimant that while Employer was now acknowledging his injury, it did so only as to compensation for medical treatment and Claimant could establish rights to future compensation by filing a reinstatement petition. *See Raymour & Flanigan*, 264 A.3d at 823-24.

Despite Claimant's argument to the contrary, our decision in *Raymour & Flanigan* is directly on point and controlling. In that case, as here, the employer initially issued an NTCP describing the claimant's injury and agreeing to pay her medical bills and temporary total disability benefits. The employer in *Raymour & Flanigan* issued a medical-only NCP two weeks later, well within the 90-day period to do so. Ultimately, on appeal to this Court, we determined that the employer provided the requisite notice in accordance with the Act and the Bureau's regulations by filing the medical-only NCP, and that neither a notice stopping temporary compensation nor a notice of compensation denial was required or even appropriate under the circumstances. We have since reaffirmed this holding in *Wolfe v. Martellas Pharmacy (Workers' Compensation Appeal Board)*, 281 A.3d 1129 (Pa. Cmwlth. 2022), and *School District of Philadelphia v. Holman (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 23 C.D. 2020, filed April 19, 2022).[5] Given our precedent, we conclude that the WCJ did not err in determining that Employer did not violate the Act or regulations and in denying Claimant's penalty petition. *See Crocker v. Workers' Comp. Appeal Bd. (Georgia Pac. LLC)*, 225 A.3d 1201, 1210 (Pa. Cmwlth. 2020) (noting that "[u]nder *stare decisis*, we are

---

[5] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Our decision in *Holman* is particularly persuasive given that it presents a fact pattern similar to the instant matter.

bound to follow the decisions of our Court unless overruled by the Supreme Court or where other compelling reasons can be demonstrated").

Accordingly, the Board's order is affirmed.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey D. Moretti,                              :
                    Petitioner            :
                                   :
              v.                        :    No. 567 C.D. 2022
                                   :
County of Bucks (Workers'                        :
Compensation Appeal Board),                      :
                    Respondent          :

## **O R D E R**

AND NOW, this 24th day of May, 2023, the Order of the Workers' Compensation Appeal Board is AFFIRMED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita